Per Curiam.
We think the affidavit sufficiently alleges the nature of the defense. The defense as indicated is. that E. M. Felt was the owner of the stock that plaintiff claimed and which he asked to have transferred to him. Sufficient appears to show that an examination of plaintiff is necessary to enable defendant to properly prepare its answer.
The plaintiff and Felt claim the stock, and in order to properly plead Felt’s title to the stock, it is necessary to allege the circumstances under which plaintiff acquired his title. These circumstances must be within plaintiff’s knowledge, and the treasurer of the defendant alleges that the facts are not within the knowledge of the deponent or of the defendant.
The defendant, so far as appears, has no interest in the ownership of this stock except to protect itself, and under the circumstances it should have an opportunity to investigate plaintiff’s title before it is compelled to answer the complaint.
An examination of the affidavit on which the order was granted, has satisfied us that the facts alleged were sufficient to bring the case within the statute.
The order extending the time to answer was not a nullity because of the absence of the affidavits of merits. It was a mere irregularity which could be cured by allowing such an affidavit to be filed, and until such order was vacated by the court or the judge who granted it, it was valid.
The order should be affirmed, with $10 costs and disbursements.